Itas

FILED

MAY -1 2018

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1          UNITED STATES BANKRUPTCY COURT

2          EASTERN DISTRICT OF CALIFORNIA

3

4    In re:                          )    Case No. 16-24794-B-7
                                     )
     LARRY ALAN SCHACK,              )    Adversary No. 16-2219
5                                    )
                                     )
6              Debtor(s).            )
                                     )
7    _____)
                                     )
     ROBERT KAYE, AS SUCCESSOR IN    )
8    INTEREST TO SHIRLEY COLLINS,    )
                                     )
9                                    )
               Plaintiff(s),         )
10                                   )
     v.                              )
11                                   )
     LARRY ALAN SCHACK,              )
12                                   )
                                     )
13             Defendant(s).         )
     _____)

14

15          **MEMORANDUM DECISION AFTER TRIAL**

16   <u>INTRODUCTION</u>

17        This is an adversary proceeding by plaintiff Robert Kaye, as

18   successor in interest to Shirley Collins ("Collins"), against

19   defendant Larry Alan Schack to have certain debts declared non-

20   dischargeable in defendant's chapter 7 case.  Plaintiff filed the

21   complaint that initiated this adversary proceeding on October 13,

22   2016.  The complaint alleges three claims for relief: (i) a §

23   523(a)(2)(A) claim in the first claim for relief; (ii) a §

24   523(a)(4) claim in the second claim for relief; and a (iii) §

25   523(a)(6) claim in the third claim for relief.  Each claim for

26   relief is based on multiple loans that Collins made to Sunshine

27   Systems, LLC ("Sunshine").

28        Defendant, who is also the debtor in the parent chapter 7

     bankruptcy case, answered the complaint on November 8, 2016.  The

answer asserts three affirmative defenses: (i) unclean hands;
(ii) failure to state a claim; and (iii) statute of limitations.

Trial was held on April 9, 2018, and continued to May 1,
2018, for purposes of this decision.  Appearances were noted on
the record.  Plaintiff appeared through counsel.  Defendant
appeared pro se.

The court's pretrial rulings stated on the record in open
court on April 9, 2018, are incorporated by this reference and
made a part of this written decision.  The court's findings of
fact and conclusions of law which were also stated on the record
on April 9, 2018, in support of judgment for the defendant and
against the plaintiff on the § 523(a)(2)(A) claim in the first
claim for relief and the § 523(a)(6) claim in the third claim for
relief are also incorporated by reference and made a part of this
written decision.  This memorandum decision constitutes the
court's findings of fact and conclusions of law on the remaining
§ 523(a)(4) claim in the second claim for relief.  Fed. R. Civ.
P. 52(a); Fed. R. Bankr. P. 7052.

For the reasons explained below, judgment on the § 523(a)(4)
claim in the second claim for relief will be entered for the
plaintiff and against the defendant and $95,787.66 of defendant's
debt to plaintiff is determined to be non-dischargeable in
defendant's chapter 7 case.  The continued trial on May 1, 2018,
at 9:30 a.m. will also be vacated.

**JURISDICTION AND VENUE**

Federal subject matter jurisdiction is founded on 28 U.S.C.
§ 1334.  This adversary proceeding is a core proceeding under 28

U.S.C. §§ 157(b)(2)(A), (I), and (O).  To the extent this adversary proceeding may ever be determined to be a matter that a bankruptcy judge may not hear and determine without consent, the parties have nevertheless consented to such determination by a bankruptcy judge.  See 28 U.S.C. § 157(c)(2).  Venue is proper under 28 U.S.C. § 1409.

## FINDINGS OF FACT

The debt at issue arises from a series of loans that Collins made to Sunshine.  Those loans are evidenced by multiple promissory notes dated between July 2010 and May 2011.  Plaintiff prepared the promissory notes.  Defendant signed the promissory notes on behalf of Sunshine.  Defendant also personally guaranteed under the promissory notes.

The promissory notes and guarantees were signed, and the corresponding loans were made, in Illinois.  Parties to the loans and guarantees are residents of, or entities registered in, Illinois.  Sunshine, which is now defunct, was an Illinois limited liability company based in Wheeling, Illinois.  Plaintiff was Sunshine's CFO and accountant between 2008 and 2012. Plaintiff is also Collins' nephew and a beneficiary of his aunt's estate.  Collins listed an address in Chicago, Illinois. Defendant was Sunshine's manager.  Defendant also listed an address in Wheeling, Illinois.

Plaintiff had Collins' power of attorney which he used to authorize Collins' loans to Sunshine and to obtain funds from Collins' accounts for those loans.  The loans were at an interest rate lower than commercially available to Sunshine.  Plaintiff's

use of Collins' power of attorney to obtain and fund loans for a company of which he was the CFO and accountant drew the attention of the Illinois State Guardian's Office after which plaintiff voluntarily terminated the power of attorney.

Proceeds from Collins' loans to Sunshine were deposited into Sunshine's account with Bank of America.  Defendant was an authorized signatory on the Bank of America account and was authorized to use funds from that account for Sunshine's business purposes.  Funds from the Bank of America account, and thence proceeds from Collins' loan to Sunshine, were to pay Sunshine's business and operating expenses.  They were also used to pay the defendant's personal expenses discussed below.  Plaintiff's CFO compensation was paid from the same account.

In January of 2014 the Circuit Court of Cook County, Illinois, entered a judgment against defendant in the amount of $268,410.00.  That judgment is based on the defendant's breach of his guarantees of Collins' loans to Sunshine.  Defendant lists that judgment as an unsecured claim in Schedule F filed in his chapter 7 bankruptcy case.  The judgment was subsequently assigned to plaintiff.  Plaintiff is also the lawful successor in interest to the promissory notes and obligations owned by Collins, now deceased, by virtue of a court order from Cook County, Illinois Probate Division, case #12 P 0284.

Plaintiff and defendant both testified at trial. Plaintiff's testimony was credible.  For the most part, defendant's testimony was not credible.  Accordingly, greater weight is given to plaintiff's testimony.

Defendant initially testified that funds from Sunshine's

- 4 -

Bank of America account were used only to pay business expenses. However, on cross-examination defendant admitted that he used funds from the Bank of America account to pay personal expenses. For example, defendant admitted that he made $39,351.44 in mortgage payments on his personal residence with funds from the Bank of America account. Defendant also admitted there was no business purpose for his payments from the Bank of America account to his ex-wife totaling $7,500.00. Thus, defendant admitted he used funds from the Bank of America account, which necessarily included proceeds from Collins' loans to Sunshine, to pay his personal expenses totaling $46,851.44.

Defendant also testified on cross-examination that funds from the Bank of America account were used to pay a number of other expenses that are of questionable business nature and are more aptly characterized as expenses personal to the defendant. These include $285.00 for massages, $20.00 for haircuts, $204.00 for nails, a $3,080.14 "Laser Center" charge, a $920.23 "Juicy Couture" charge, and $44,426.85 in credit card payments. These additional payments total $48,936.22.

When defendant was asked about the additional expenses on cross-examination he became agitated and visibly uncomfortable. Defendant's testimony about the additional expenses was also evasive and argumentative, and defendant refused to answer direct questions about the nature of the expenses or explain their business purpose(s). This was particularly notable with regard to the credit card payments. Defendant did not deny that funds from Sunshine's Bank of America account were used to pay his personal credit cards in the amount referenced above. And

1  although defendant suggested those payments were for business

2  charges, again, when he was asked to identify business-related

3  charges on his personal credit cards he became agitated,

4  argumentative, evasive, and refused to do so.  Defendant's

5  overall demeanor and his cross-examination testimony lead the

6  court to conclude that there was no business purpose or

7  justification for any of the additional expenses, credit card

8  payments in particular, and that the additional expenses were

9  personal expenses paid with Sunshine's funds from the Bank of

10  America account for defendant's personal benefit.

11

12  **DISCUSSION**

13      Plaintiff narrowed the § 523(a)(4) claim to embezzlement in

14  both his trial brief and closing argument.  Therefore, the court

15  considers only non-dischargeability under that limited aspect of

16  § 523(a)(4) which states as follows:

17      (a) A discharge under section 727 . . . of this title
        does not discharge an individual debtor from any debt -
18
        (4) for fraud or defalcation while acting in a
19      fiduciary capacity, embezzlement, or larceny[.]

20  11 U.S.C. § 523(a)(4).

21      Embezzlement in the context of non-dischargeability requires

22  three elements: (1) property rightfully in the possession of a

23  nonowner; (2) nonowner's appropriation of the property to a use

24  other than that to which it was entrusted; and (3) circumstances

25  indicating fraud.  Transam. Comm'l Fin. Corp. v. Littleton (In re

26  Littleton), 942 F.2d 551, 555 (9th Cir. 1991).  Embezzlement

27  under § 523(a)(4) does not require the presence of a fiduciary

28  relationship or an express trust relationship.  Id.

- 6 -

1    The first element is satisfied.  The funds in the Bank of
2 America account, including proceeds from Collins' loan to
3 Sunshine, all belonged to Sunshine and not the defendant.
4 However, as Sunshine's manager, defendant was an authorized
5 signatory on the Bank of America account and he was authorized to
6 allow funds from that account to be used for the payment of
7 Sunshine's business and operating expenses.  In short, defendant
8 was rightfully in possession of all funds in the Bank of America
9 account as a nonowner of those funds.

10    The second element is also satisfied.  Defendant admitted
11 that he used $46,851.44 from Sunshine's Bank of America account
12 to pay his personal expenses consisting of the mortgage on his
13 residence and payments to his ex-wife.  And based on the
14 defendant's contradictory, evasive, and argumentative cross-
15 examination testimony the court is persuaded that an additional
16 $48,936.22 from the Bank of America account was used to pay other
17 expenses that have no business justification and, instead, were
18 expenses personal to the defendant.  All totaled, the court is
19 persuaded that $95,787.66 from Sunshine's Bank of America account
20 was used to pay defendant's personal expenses unrelated to
21 Sunshine or any business purpose.  Put another way, the defendant
22 as the nonowner of the funds in the Bank of America account
23 appropriated funds from that account for a purpose other than for
24 which they were intended.

25    And the third element is satisfied.  During the time that
26 funds from the Bank of America account were used to pay the
27 defendant's personal expenses the defendant was a fiduciary to
28 Sunshine.  In re SKG Ventures, LLC, 521 B.R. 842, 864 (Bankr.

- 7 -

1   N.D. Ill. 2014) (applying Illinois law). "In a corporate

2   setting, a fiduciary has the duty to act with utmost loyalty and

3   good faith in managing the business and affairs of a

4   corporation." Rubin v. Bedford, 2015 WL 9463995, *13 (Ill.App.

5   2015) (citation omitted)).[1]  That means the defendant was

6   prohibited from enhancing his own personal interests at

7   Sunshine's expense.  Kovac v. Barron, 6 N.E.3d 819, 833 (Ill.App.

8   2014) (citation omitted).  That also means the defendant breached

9   his fiduciary duty when he used funds from Sunshine's Bank of

10  America account to pay personal expenses and allowed funds from

11  that account to be used for his personal benefit.  Tully, 948

12  N.E.2d at 739 (Ill.App. 2011) (citation omitted).  Those breaches

13  are circumstances that amount to fraud for purposes of

14  embezzlement under § 523(a)(4).  In re Bullock, 2010 WL 2202826,

15  *7 (Bankr. N.D. Ala. 2010) ("Accordingly, the Court finds that

16  the finding of breach of fiduciary duty by self-dealing which is

17  a form of fraud in Illinois supports a finding of fraud for

18  purposes of § 523(a)(4).").

19       In short, the court is persuaded that plaintiff has

20  established embezzlement under § 523(a)(4).  Defendant's

21  affirmative defenses do not alter that conclusion.

22

23  **DEFENDANT'S AFFIRMATIVE DEFENSES**

24  Unclean Hands

25       Defendant's "unclean hands" affirmative defense is

26

27  _____

28  [1]The same applies with regard to a limited liability
    company.  See Tully v. McClean, 948 N.E.2d 714 (Ill.App. 2011).

- 8 -

1   overruled.  Although unclean hands may be an affirmative defense
2   to a non-dischargeability action, it requires a court to weigh
3   the plaintiff's conduct against the defendant's conduct.
4   Northbay Wellness Grp., Inc. v. Beyries (In re Beyries), 789 F.3d
5   956, 959-60 (9th Cir. 2015); In re Rose, 565 B.R. 178, 183
6   (Bankr. D. Nev. 2017).  Doing so here, the balance tips in
7   plaintiff's favor.

8       Plaintiff and defendant were both fiduciaries to Sunshine
9   during the time that Collins loaned Sunshine money and Sunshine's
10  money was used to pay defendant's personal expenses.  Plaintiff
11  arguably breached a fiduciary duty to his aunt and her estate
12  when, as a beneficiary of his aunt's estate, he used his aunt's
13  power of attorney to obtain money from her accounts which he
14  loaned to a entity of which he was the CFO and by which he was
15  paid from the account into which the loan proceeds were
16  deposited.  Defendant breached a fiduciary duty by using business
17  funds from the Bank of America account to pay his personal
18  expenses and by benefitting from the payment his personal
19  expenses with those funds.  So to some degree, both parties have
20  engaged in inequitable conduct.

21      That said, whereas plaintiff may have harmed his aunt and
22  other beneficiaries of her estate, plaintiff's conduct benefitted
23  Sunshine inasmuch as it provided Sunshine access to capital for
24  business and operating expenses at an interest rate lower than
25  otherwise available commercially.  On the other hand, the use of
26  business funds to pay defendant's personal expenses harmed
27  Sunshine, its creditors, the Collins estate, and beneficiaries of
28  the Collins estate.  And in that regard, the harm resulting from

- 9 -

1   defendant's conduct is broader and more far-reaching than any

2   harm caused by the plaintiff.

3   <u>Failure to State a Claim</u>

4        Defendant's "failure to state a claim" defense is moot as it

5   pertains to the first and third claims for relief.  It is

6   overruled for the reasons stated above as to the second claim for

7   relief.

8   <u>Statute of Limitations</u>

9        The statute of limitations affirmative defense is overruled.

10  The debt was timely established and this adversary proceeding was

11  timely filed.  <u>Banks v. Gill Distribution Ctrs., Inc. (In re</u>

12  <u>Banks)</u>, 263 F.3d 862, 868 (9th Cir. 2001); <u>In re Moore</u>, 2014 WL

13  3570600, *5 (Bankr. E.D. Cal. 2014) (citing <u>Banks</u>, 263 F.3d at

14  868).

15

16  <u>CONCLUSION</u>

17       Based on all the foregoing, and also for the reasons stated

18  on the record on April 9, 2018;

19       (1)  judgment on the § 523(a)(2)(A) claim in the first claim

20  for relief and judgment on the § 523(a)(6) claim in the third

21  claim for relief will be entered for the defendant and against

22  the plaintiff with plaintiff taking nothing on those claims; and

23       (2)  judgment on the § 523(a)(4) claim in the second claim

24  for relief will be entered for the plaintiff and against the

25  defendant and defendant's debt to plaintiff in the amount of

26  $<u>95,787.66</u> is non-dischargeable in defendant's chapter 7

27  bankruptcy case.

28

A separate judgment and a separate order vacating the continued trial date of May 1, 2018, at 9:30 a.m. will enter.

Dated: May 1, 2018.

_____
UNITED STATES BANKRUPTCY JUDGE

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

    The Clerk of Court is instructed to send the attached
document, via the BNC, to the following parties:

Douglas B. Jacobs
20 Independence Cir
Chico CA 95973


LARRY ALAN SCHACK
15013 EMMA MINE WAY
MAGALIA CA 95954